IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHNEIDER NATIONAL CARRIERS, INC. | : | NO. 13-6603 |
| | : | |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                December 19, 2013
United States Magistrate Judge

    On November 13, 2013, the defendant, Schneider National Carriers, Inc., removed this personal injury action to this court (Doc. 1). Presently before the court is plaintiff's Motion to Remand (Doc. 5) (the "Motion")[1] and defendant's response thereto (Doc. 6). For the reasons that follow, the court recommends that the Motion be granted.

**I.  BACKGROUND**

    In the Complaint, plaintiff alleges that on December 8, 2012, he "was violently struck from behind" by a tractor-trailer owned by defendant. See Doc. 1, Ex. A (hereinafter "Compl."). As a result of the collision, plaintiff states that he suffered personal injuries, including "cervical and lumbar strain; lumbar radiculopathy; cervical radiculopathy; headaches; cervical spine sprain; aggravation of a pre-existing degenerative changes of lumbar spine and cervical spine; injury to nerves and nervous system; loss of sense of well being; loss of sleep; injury to muscles, soft tissues, some or all of which may continue for an indefinite time into the future. Id. ¶ 6. The Complaint requests compensation for pain and suffering, loss of life's pleasures, medical expenditures and loss of earnings. Id. ¶¶ 7-10. In addition, plaintiff requests

---

[1] By Order dated December 12, 2013, the Honorable Eduardo C. Robreno referred this case to the undersigned for all pretrial purposes. (Doc. 7.)

compensation for property damages for his 2006 Dodge Ram 2500 Truck, which "was deemed a total loss" as a result of the collision. Id. ¶¶ 12-13. Plaintiff also incurred miscellaneous expenses for, inter alia, towing, rental cars, and hotels in the amount of $12,284.84. See Mot. ¶ 3 and ¶ 10; Compl. ¶¶ 14-17. In the ad damnum clause of the Complaint, plaintiff requests damages in excess of $50,000.00 but not to exceed $74,999.00. (Compl. ¶ 17.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the federal court could have originally exercised jurisdiction over the matter. This court has original jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interests. See 28 U.S.C. § 1332(a)(1). Here, the parties do not dispute that there is a complete diversity of citizenship. The parties disagree, however, on whether the amount in controversy requirement has been satisfied.

The removing party bears the burden of establishing that the amount in controversy requirement has been met. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). This court should grant the motion to remand if the defendant cannot show to a "legal certainty" that the amount in controversy exceeds the statutory minimum. Serrano v. Hui Min Yang, 2005 WL 1126954, at *2 (E.D. Pa. May 12, 2005) (citing Samuel-Bassett, 357 F.3d at 397-98). That is, "[w]here the state-court complaint unequivocally states that the total amount sought is less than the jurisdictional threshold, the removing defendant must prove by a legal certainty that the amount in controversy exceeds the jurisdictional amount." Rosado v. Encompass Ins. Co., 2010 WL 2431829, at *2 (E.D. Pa. June 10, 2010) (citing Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007)). "All doubts should be resolved in favor of

remand." Serrano, 2005 WL 1126954, at *2.  In addition, the removing party "must provide more than mere speculation or tenuous inferences and assumptions about the amount in controversy to satisfy this burden." Freeman v. Wal-Mart Stores, Inc., 2012 WL 893085, at *2 (D.N.J. Mar. 13, 2012).  If a court "has to guess at whether the jurisdictional threshold has been met, then defendant has not proved its point." Id. (citations omitted).

### III.    DISCUSSION

"Generally, whether the amount in controversy has been satisfied is determined from the face of plaintiff's complaint." Ciancaglione v. Sutherlin, 2004 WL 2040342, at *2 (E.D. Pa. Sept. 13, 2004).  "A plaintiff, if permitted by state laws, may limit his monetary claims to avoid the amount in controversy threshold." Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).  However, even if a plaintiff states that his claims fall below the threshold, "this court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not. . . .  This court's task is to examine not just the dollar figure offered by the plaintiff but also [his] actual legal claims." Id. at 474-75.  Here, the plaintiff in the ad damnum clause of the Complaint, demands judgment against defendant "in an amount in excess of Fifty Thousand ($50,000), and in amount not in excess of $74,999.00." See Compl.  After examining the Complaint and the Exhibits attached to the Motion and defendant's response, the court finds that defendant has not shown to a legal certainty that the amount in controversy exceeds $75,000.00.

The special damages asserted by plaintiff resulting from the loss of use of the vehicle amount to $12,284.84. See Compl. ¶¶ 14-17.  Plaintiff's truck, a 2006 Dodge Ram 2500, was a total loss. Id. ¶¶ 12-13.  The parties provided no information as to the value of the truck at

3

the time of the accident.  The court can take judicial notice that a truck that is nearly eight years old will not be valued at a large sum.[2]

The medical records provided by plaintiff show only three office visits for treatments for his injuries - two visits to an orthopedic surgeon and one visit to his family doctor.  (Mot. ¶ 12.)  Thus, the medical bills incurred by plaintiff do not appear to be very costly.  The diagnosis of plaintiff by the orthopedic surgeon is lumbar strain and bulging discs in the cervical spine.  See Mot., Ex. B.  An MRI scan of the lumbar spine showed: "No pathology was noted L1-L2 through L5-S1."  There were degenerative changes noted at S1-S2.  Id.  An MRI of the cervical spine showed only a "strain" post motor vehicle accident.  Id.  Based on these medical records, plaintiff is claiming only "soft tissues injuries."  (Mot. ¶ 9.)  Although the Complaint alleges damages for lost wages, no information was provided by either plaintiff or defendant regarding this claim.  However, because plaintiff is only claiming soft tissue injuries, the court cannot assume that the amount will be substantial enough to make it a legal certainty that the amount in controversy exceeds $75,000.00.

For all of these reasons, the court finds that defendant has not proven to a legal certainty that the amount in controversy exceeds $75,000.00.  To find otherwise, the court would have to engage in guess work, which is not permissible.  Freeman, 2012 WL 893085, at *2.  The court finds that plaintiff acted in good faith when he asserted in his Complaint that the damages do not exceed $75,000.00.  It is true that plaintiff has not executed defendant's proposed stipulation, limiting his damages to under $75,000.00.  This fact is not dispostive.  A refusal to

---

[2] For example, the NADA Guide to the values of used cars states that a 2006 Dodge Ram 2500 pickup, 3/4 ton, V-8, with 84,000 miles in average condition has a trade-in value of $8,675.  See www.nadaguides.com (last visited 12/13/2013).

enter into such a stipulation "is insufficient to support federal subject-matter jurisdiction." Id. at *3. See also Werwinski v. Ford Motor Co., 286 F.3d 661, 667 (3d Cir. 2002) ("[A] plaintiff's stipulation subsequent to removal as to the amount in controversy . . . . is of 'no legal significance' to the court's determination."). Accordingly, the Motion should be granted.

IV. **CONCLUSION**

Accordingly, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this 19th day of December, 2013, the court respectfully recommends that plaintiff's Motion to Remand be **GRANTED** and this matter be remanded to the Court of Common Pleas of Philadelphia County. Defendant may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHNEIDER NATIONAL CARRIERS, INC. | : | NO. 13-6603 |

### ORDER

AND NOW, this     day of           , 201_, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

### ORDERED

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**; and

3. The above-captioned case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____
EDUARDO C. ROBRENO,         J.